162 F.3d 1172
 98 CJ C.A.R. 5665
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 BOSS MAN EINSTEIN, also known as Accountability Burns, on
complaint as Boss Einstein-Burns!, Plaintiff-Appellant,
v.
Dan MEDECK, Downtown Y Building Owner, Defendant-Appellee.
 No. 98-5042.
 United States Court of Appeals, Tenth Circuit.
 Nov. 5, 1998.
 
 1
 BALDOCK, EBEL, and MURPHY, JJ.
 
 
 2
 ORDER AND JUDGMENT*
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 This case is before the court on Boss Man Einstein's pro se motion to proceed on appeal in forma pauperis. The district court dismissed Einstein's 42 U.S.C. § 1983 complaint on the ground it failed to set forth a rational argument on the law or the facts to support [Einstein's] claims." Dist Ct. Order at 1; See 28 U.S.C. § 1915 (providing courts "shall dismiss the case at any time" if the court determines the case is frivolous or malicious). Furthermore, in light of its conclusion Einstein's claims were frivolous, the district court denied Einstein leave to proceed on appeal in forma pauperis.
 
 
 5
 This court has reviewed Einstein's appellate pleadings and the entire record on appeal. After that thorough review, this court is convinced the district court did not err in dismissing this case pursuant to § 1915(e). In particular, Einstein's complaint and appellate filings, although difficult to decipher, appear to allege that his landlord violated his civil rights when the landlord evicted Einstein for nonpayment of rent. However, the complaint contains no allegation the landlord was a state actor acting under color of state law. See West v. Atkins, 487 U.S. 319, 327 (1988) ("To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show the alleged deprivation was committed by a person acting under color of state law."). Accordingly, Einstein's motion for leave to proceed on appeal in forma pauperis is DENIED and the appeal is hereby DISMISSED. See 28 U.S.C. § 1915(e)(2)(B)(i).
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3